**UNITED STATES of America**

v.

**Mauricio BETANCOURT a/k/a Mauricio Suarez**

**Mauricio Betancourt, Appellant.**

**No. 09–1291.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 26, 2010.

Filed: Oct. 27, 2010.

George S. Leone, Esq., Steven G. Sanders, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Mauricio Betancourt, Philipsburg, PA, pro se.

Howard B. Brownstein, Esq., Brownstein Booth & Associates, P.C., Union City, NJ, for Appellant.

Before: McKEE, Chief Judge, SLOVITER, and RENDELL, Circuit Judges.

OPINION

SLOVITER, Circuit Judge.

Appellant Mauricio Betancourt appeals his conviction and sentence for one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Counsel for Betancourt has moved to withdraw and filed an *Anders* brief, asserting that there are no non-frivolous issues for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). As authorized in *Anders*, appellant has filed a pro se brief.[1] We will affirm and grant counsel's motion to withdraw.

I.

On June 18, 2008, Betancourt met with and arranged to sell 300 grams of heroin to a confidential Government informant. Betancourt was then arrested by law enforcement officers who seized the heroin from his truck. Subsequently, other drug paraphernalia and a handgun were seized from Betancourt's residence pursuant to a search warrant.

Betancourt entered into a plea agreement by which he pled guilty to one count of conspiracy to distribute 100 grams or more of heroin, which carried a mandatory five-year sentence, and stipulated to a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) (providing a two-level enhancement for possessing a firearm in connection with a drug trafficking offense). In exchange, the Government agreed not to indict Betancourt under 18 U.S.C. § 924(c) for possessing a firearm in relation to a drug trafficking crime, which would have carried a mandatory five-year consecutive sentence. Because of the firearm stipulation, the District Court found that Betancourt was ineligible for the "safety valve" provided by 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which would have permitted a sentence below the five-year mandatory minimum. Accordingly, based on a guideline range of fifty-seven to seventy-one months, the District Court sentenced Betancourt to sixty-five months imprisonment. Betancourt timely appealed.

II.

▆ Under *Anders*, appellant's counsel must thoroughly review the record in search of appealable issues and explain why the issues are frivolous. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000). If a reviewing court finds that counsel's *Anders* brief is deficient, it may still grant the motion to withdraw and affirm if the appeal is "patently frivolous." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir.2009). Here, as the Government points out, the record reveals that defense counsel did not order a transcript of the plea or sentencing proceeding and therefore he did not adequately review the District Court record as required by L.A.R. 109.2(a)(2008). However, because the issues raised in defense counsel's *Anders* brief and defendant's pro se brief are all patently frivolous, we will nevertheless affirm.

▆ Betancourt claims that the firearm stipulation and plea agreement were not properly entered into because of defense counsel's failure to advise him of the consequences of the stipulation and failure to move to suppress the weapon. We do not reach this issue because "[i]t has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thorn-*

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

*ton,* 327 F.3d 268, 271 (3d Cir.2003) (citation omitted).

■ Betancourt appears to argue that his plea was not knowing or voluntary because of his alleged failure to appreciate the consequences of the firearm stipulation. We review that claim for plain error. *United States v. Vonn,* 535 U.S. 55, 63–64, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (where defendant fails to withdraw his plea or raise a Rule 11 objection in the District Court, the plea is reviewable only for plain error). The plea colloquy demonstrates that Betancourt understood that the plea agreement did not entitle him to relief under § 3553(f) and that any such relief would be determined by the District Court at sentencing. Accordingly, there was no plain error.

■ Notwithstanding the stipulation contained in his plea agreement, Betancourt claims that the District Court erred in denying him "safety valve" relief under § 3553(f). We review the District Court's factual determinations as to "safety valve" eligibility for clear error, and apply plenary review to its legal determinations. *United States v. Wilson,* 106 F.3d 1140, 1142–43 (3d Cir.1997). Based on Betancourt's plea stipulation and other undisputed facts, the District Court properly concluded that Betancourt had not met his burden of demonstrating that the firearm was not possessed in connection with the drug offense. Accordingly, there was no error.

■ Finally, Betancourt contends that the sentence was unreasonable in light of his cooperation with the Government. The District Court imposed a sentence of sixty-five months, within the guideline range of fifty-seven to seventy-one months. Insofar as district courts are afforded broad discretion in fashioning sentences, the sen-

tence is reasonable and there is no reason to disturb it.

Accordingly, there is no non-frivolous issue for appeal in this case.

### III.

For the above-stated reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw.